**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**FILED**

UNITED STATES DISTRICT COURT
SANTA FE, NEW MEXICO

OCT 1 9 2000

A. ROCIO BRIMHALL-MANGANO,

Plaintiff,

vs.

DR. OLEN PAUL MATTHEWS, et al.,

Defendants.


CLERK

NO. CIV 97-0598 MV/WWD

**JURY INSTRUCTIONS**

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. You will each be provided with a copy of these instructions for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said any suggestion as to what verdict you should return--that is a matter entirely up to you.

INSTRUCTION NO. 2

It is a general rule in civil cases that a party seeking a recovery or a party relying upon a defense has the burden of proving every essential element of the claim or defense by a preponderance of the evidence.

To prove by a preponderance of the evidence means to establish that something is more likely true than not true. When I say in these instructions that a party has the burden of proof on a claim, I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient.

INSTRUCTION NO. 3

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A university is entitled to the same fair trial at your hands as a private individual. All persons, including universities, stand equal before the law, and are to be dealt with as equals in a court of justice.

A university can act only through its officers and employees. Any act or omission of an officer or an employee of a university, within the scope or course of his or her employment, is the act or omission of the university.

INSTRUCTION NO. 4

The Defendants in this case are University of New Mexico and Dr. Olen Paul Matthews. The claims against Dr. Hal Jackson are no longer before you.

Although there is more than one defendant in this action, it does not follow from that fact alone that if one is liable another is liable. Each defendant is entitled to a fair consideration of that defendant's own defense. You will decide each defendant's case separately, as if it were a separate lawsuit.

INSTRUCTION NO. 5

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witnesses; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

The production of evidence in court is governed by rules of law. From time to time it has been my duty, as judge, to rule on the evidence. You must not concern yourselves with the reasons for these rulings. You should not consider what would or would not have been the answers to the questions which the court ruled could not be answered.

INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them is what controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if the testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the basis of the evidence received at the trial.

INSTRUCTION NO. 7

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

INSTRUCTION NO. 8

A fact may be proved by circumstantial evidence. Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved.

INSTRUCTION NO. 9

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

INSTRUCTION NO. 10

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony. In weighing the testimony of a witness you should consider the witness' relationship to Plaintiff or to Defendants; the witness' interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible or previous statements inconsistent with the witness' present testimony. You may, in short, accept or reject the testimony of any witness in whole or in part.

INSTRUCTION NO. 11

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witnesses, or by evidence that the general reputation of the witness for truth, honesty or integrity is bad.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

INSTRUCTION NO. 12

During the trial of this case, certain testimony has been presented to you by way of depositions, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties in the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

INSTRUCTION NO. 13

A medical witness may testify about statements concerning a person's medical history and condition that were made for purposes of diagnosis or treatment. To whatever extent the opinion of the witness is based upon such statements, you may consider the trustworthiness of the statements in determining the weight to be given to the witness's opinion.

INSTRUCTION NO. 14

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field– called an expert witness–is permitted to state an opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying.

INSTRUCTION NO. 15

It is unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex or national origin.

In this civil action, Plaintiff A. Rocio Brimhall-Mangano seeks compensation for damages which she claims were proximately caused by the Defendants' discrimination against her because of her sex and national origin.   Specifically, Plaintiff claims that the Defendants discriminated against her and began a campaign of harassment that culminated in her wrongful termination. Further, Plaintiff claims that Defendants retaliated against her when she opposed the discrimination.

The Defendants deny that any discrimination occurred and claim that Plaintiff was terminated for a legitimate non-discriminatory, non-retaliatory reason and that is for lying about an alleged assault by Dr. Olen Paul Matthews. Plaintiff claimed that she was assaulted by Dr. Matthews.  Defendants contend an investigation of that claim led Dean Michael Fischer to conclude that Plaintiff's accusation against Dr. Matthews was untrue. Defendants contend that Dean Fischer's decision was made in good faith, based upon all the information available to him at the time of his decision and was neither discriminatory nor retaliatory.

INSTRUCTION NO. 16

Section 2000e-2(a) of Title 42 of the United States Code provides in part that:

"It shall be an unlawful employment practice for an employer. . .to discriminate against any individual with respect to her compensation, terms, conditions, or privileges or employment, because of such individual's sex or national origin."

INSTRUCTION NO. 17

In order for Plaintiff to maintain a claim based on hostile work environment, she must prove the following by a preponderance of the evidence:

    (1)     Plaintiff was a member of a protected class such as sex or national origin;

    (2)     Plaintiff was subject to conduct by a supervisor or co-workers which was  so severe and pervasive that it unreasonably interfered with her work performance or created an intimidating, hostile or offensive work environment;

    (3)     the conduct complained of was based on sex or national origin;

    (4)     Defendant University of New Mexico has a responsibility for the acts or conduct in the workplace to which Plaintiff was subjected.

Pervasiveness and severity are independent and equal grounds on which to support a hostile work environment claim. To fulfill her burden of proof under the pervasiveness standard, Plaintiff must show more than a few isolated incidents of hostility. Instead, Plaintiff must show a steady barrage of abusive comments or harassment. To fulfill her burden of proof under the severity standard, Plaintiff must show the incidents were so severe as to alter the conditions of her employment and create an abusive working environment.

Defendant Dr. Olen Paul Matthews  was an employee of Defendant University of New Mexico and a supervisor of Plaintiff at the time of the occurrences alleged by Plaintiff in this cause.  Therefore, Defendant University of New Mexico is liable for any harassment or discrimination conducted by Defendant Dr. Olen Paul Matthews.

INSTRUCTION NO. 18

Section 2000e-3(a) of Title 42 of the United States Code provides in pertinent part that:

"It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because (s)he has opposed any practice made an unlawful employment practice by this title, or because (s)he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title."

INSTRUCTION NO. 19

To establish her claim of retaliation, Plaintiff must prove the following by a preponderance of the evidence:

1.   Plaintiff engaged in protected activity (complaining of unlawful discriminatory practices and/or the filing of EEOC claims);

2.   Plaintiff was subject to adverse action(s) by Defendants contemporaneous with or subsequent to the Plaintiff's protected activity; and

3.   a causal connection between the protected activity and adverse action(s).

Retaliatory conduct is considered to be an adverse employment action and thus prohibited by law only if it alters Plaintiff's compensation, terms, conditions or privileges of employment or adversely affects her status as an employee. Mere inconvenience or alteration of job responsibilities does not constitute an adverse employment action.

Plaintiff is only required to show that her filing of a claim of discrimination or retaliation was a motivating factor in Defendants' adverse actions. In showing that Plaintiff's filing of a claim of discrimination was a motivating factor, Plaintiff is not required to prove that her filings were the sole motivation or even the primary motivation for such adverse actions. Plaintiff need only prove that the filing of claims played a part in the adverse actions of which she is complaining even though other factors may also have motivated Defendants. However, the mere fact that Plaintiff filed a claim of discrimination or retaliation and was subject to adverse action is not sufficient, in and of itself, to establish Plaintiff's claim under the law.

You must also consider any legitimate, nondiscriminatory reason or explanation stated by the Defendants for the adverse action. A legitimate non-retaliatory reason is any reason or

explanation unrelated to Plaintiff's filing of a claim of discrimination or retaliation. In considering the legitimate non-retaliatory reasons stated by Defendants for the adverse actions you are only to decide if Defendants had a good faith belief justifying their conduct based upon the information reasonably known to them at the time.  If you determine that Defendant has stated such a reason, then you must decide in favor of the Defendant unless the Plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but is only a pretext or excuse to hide retaliatory motivation.  If you find that Defendants' reasons for the adverse actions against Plaintiff were a pretext, they are not acceptable as true or valid, and you must therefore find for Plaintiff.

In this case, the ultimate burden of proving that Defendants intentionally retaliated against Plaintiff because she filed a claim of discrimination remains at all times with Plaintiff. Defendants are therefore not required to prove that the adverse actions were actually motivated by a legitimate non-retaliatory reason.

INSTRUCTION NO. 20

Plaintiff claims that Defendant Dr. Olen Paul Matthews violated her Fourteenth Amendment rights under the United States Constitution. The law states that a person may recover damages against a defendant who, while appearing to act under authority of law, deprived a plaintiff of rights guaranteed by the Constitution.

In this case, Plaintiff claims that, while she was employed by Defendant University of New Mexico, she was improperly denied progressive discipline contrary to Defendant's own policies and was denied timely administrative review of the decision to terminate her employment.

To establish her claim, Plaintiff must prove the following by a preponderance of the evidence:

(1)     Plaintiff was permanently employed by Defendant University of New Mexico;

(2)     Plaintiff was disciplined and discharged from that employment;

(3)     before her discharge, Plaintiff was not afforded progressive discipline, specifically oral warnings, written warnings, suspension and termination, and was denied timely administrative review; and

(4)     the actions of Defendant was under color of the authority of the State of New Mexico.

State or local officials act under color of the authority of the State when they act within the limits of their lawful authority. However, they also act under color of the authority of the State when they act without lawful authority or beyond the bounds of their lawful authority if their acts are done while the officials are purporting or pretending to act in the performance of

their official duties.  An official acts under color of the state authority if he abuses or misuses a

power that he possesses only because he is an official.

INSTRUCTION NO. 21

Plaintiff claims that Defendant Owen Paul Matthews violated her rights under the First Amendment to the United States Constitution. The law allows a person to recover damages against a defendant who, while appearing to act under authority of law, deprived a plaintiff of rights guaranteed by the Constitution.

In this case, Plaintiff claims that she expressed opinions and complained regarding Defendant's discriminatory employment practices against other employees, expression which is protected by the First Amendment to the United States Constitution, and that because of such expression, Plaintiff was thereafter subject to discipline and/or was terminated from her employment.

Plaintiff has a right under the First Amendment to express her views critical of and in opposition to discriminatory employment practices of Defendant regarding other employees at the University of New Mexico.  The First Amendment of the Constitution of the United States gives every citizen the right to freedom of speech, which includes filing complaints with the EEOC alleging unlawful discrimination.

To prove her claim, Plaintiff must prove the following by a preponderance of the evidence:

(1) Plaintiff's speech activities were Constitutionally protected under the First Amendment;

(2) Plaintiff's exercise of protected First Amendment rights was a substantial or motivating factor in the Defendant's decision  to discipline and/or terminate Plaintiff from employment; and

(3)  the actions of Defendant were under color of the authority of the State of New Mexico.

State or local officials act under color of the authority of the State when they act within the limits of their lawful authority.  However, they also act under color of the authority of the State when they act without lawful authority or beyond the bounds of their lawful authority if their acts are done while the officials are purporting or pretending to act in the performance of their official duties.  An official acts under color of the state authority if he abuses or misuses a power that he possesses only because he is an official.

To prove that her speech activities were a substantial or motivating factor in the Defendant's decision to discipline or terminate Plaintiff from her employment, Plaintiff does not have to prove that those speech activities were the only reason Defendant made the decision. Plaintiff need only prove that the speech activities were a substantial consideration that made a difference in or influenced Defendant's decision to discipline or terminate Plaintiff from her employment.

INSTRUCTION NO. 22

Defendant Dr. Olen Paul Matthews can be held personally liable for a deprivation of Plaintiff's rights guaranteed by the Constitution if he either directly participated in the disciplinary process or set in motion a series of acts by others that he reasonably should have known would result in a deprivation of Plaintiff's Constitutional rights.

A person subjects another to the deprivation of a Constitutional right if he does an affirmative act, participates in another person's affirmative act, or omits to perform an act which he is legally required to do which causes the deprivation of Plaintiff's Constitutional rights. Personal participation is not necessary. Anyone who causes a citizen to be subjected to a Constitutional deprivation is also liable.  The required causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably knows would cause others to inflict the Constitutional injury

INSTRUCTION NO. 23

In order to recover on her claims Plaintiff must also prove by a preponderance of the evidence that Defendants' acts were the proximate or legal cause of the Plaintiff's damages. Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by Defendants was a cause-in-fact of the damage Plaintiff suffered.  An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages.  Plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the Defendants was a proximate cause of the damage Plaintiff suffered.  An act or omission is a proximate cause of Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

INSTRUCTION NO. 24

You have heard testimony regarding Mrs. Brimhall-Mangano's work performance at University of New Mexico prior to Dr. Matthews arrival, as well as testimony regarding Plaintiff's work performance at Bernalillo County after her termination from University of New Mexico. The Court has made a legal ruling that this evidence is not relevant to the case you are deciding. This evidence may not be considered by you at all in reaching your decision.

You have also heard evidence regarding Plaintiff's work performance during the time that Dr. Matthews was her supervisor. This evidence was admitted for a limited purpose. You must not consider this evidence in evaluating Defendants justification for terminating Mrs. Brimhall-Mangano. Mrs. Brimhall-Mangano was terminated for allegedly lying about an assault she claimed took place. She was not terminated for any deficiencies in her work performance. The evidence of Mrs. Brimhall-Mangano's work performance under Dr. Matthews may only considered in evaluating Dr. Matthews motivation for disciplining or taking other action against Mrs. Brimhall-Mangano.

INSTRUCTION NO. 25

You have heard testimony regarding the police report of the alleged assault by Dr. Matthews against Mrs. Brimhall-Mangano.  This evidence, including exhibit JJJJ and the attached interviews, was admitted for the limited purpose of evaluating the reasonableness of Dean Fischer's determination that Mrs. Brimhall-Mangano lied about the alleged assault by Dr. Matthews.  You may not consider this evidence to evaluate whether Mrs. Brimhall-Mangano was in fact truthful in making her claims against Dr. Matthews.

INSTRUCTION NO. 26

If you find that Defendants are liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole – that is, to compensate Plaintiff for the damage that she has suffered.

You may award compensatory damages only for injuries that Plaintiff proves were proximately by caused Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You may award as actual damages an amount that reasonably compensates Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Plaintiff would have received had she not been discriminated against.

Basically, you have the ability to make Plaintiff whole for any wages or other benefits that she has lost as a result of her discharge.

If you determine that Plaintiff has proven by a preponderance of the evidence that she has experienced emotional distress, mental anguish, pain and suffering, inconvenience, humiliation and loss of enjoyment of life, then you must determine an amount that is fair compensation for her damages. When considering the amount of monetary damages to which Plaintiff may be entitled, you should consider the nature, character and seriousness of any emotional distress, mental anguish, pain and suffering, inconvenience, humiliation, or loss of enjoyment of life Plaintiff felt. You should also consider its extent or duration, as any award you make must cover the damages endured by Plaintiff since the wrongdoing, to the present time, and even into the future if you find that the emotional distress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

If you have found that Plaintiff is entitled to damages arising in the future, you must determine the amount of such damages. If these damages are of a continuing nature, you may consider how long they will continue. In fixing the amount you may award for damages arising in the future, you must reduce the total of such damages by making allowance for the fact that any award you might make would, if properly invested, earn interest. You should, therefore, allow a reasonable discount for the earning power of such money and arrive at the present cash value of the total future damages, if any. Damages for any future pain and suffering are not to be so reduced.

INSTRUCTION NO. 27

According to a table of mortality, the life expectancy of persons aged 57 years is 18 additional years. This figure is not conclusive. It is the average life expectancy of persons who have reached that age. This figure may be considered by you in connection with other evidence relating to the probable life expectancy of the Plaintiff, including evidence of her occupation, health, habits, and other activities, bearing in mind that some persons live longer and some live shorter than the average.

INSTRUCTION NO. 28

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find Defendants are liable and Plaintiff has suffered damages, Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence Plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages which she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing her damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendants have the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce Plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Defendants have satisfied their burden of proving that Plaintiff's conduct was not reasonable.

INSTRUCTION NO. 29

If you find that the Plaintiff should recover compensation for damages, and if you further find that the conduct of Defendant Dr. Olen Paul Matthews was malicious or willful then you may award punitive damages.

Such additional damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. The amount awarded, if any, must be reasonably related to the injury and to the damages given as compensation and not disproportionate to the circumstances.

Malicious conduct is the intentional doing of an act with knowledge that the act was wrongful.

Willful conduct is the intentional doing of an act with knowledge that the act was wrongful.

INSTRUCTION NO. 30

You are not to engage in any discussion of damages unless you have first determined that

there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as

to whether the court thinks damages should or should not be awarded.

INSTRUCTION NO. 31

When you retire, you should elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

The attitude and conduct of jurors at the beginning of their deliberations are very important. It is rarely helpful for a juror, on entering the jury room, to express an emphatic opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may be aroused, and he or she may hesitate to change a position even if shown that it is wrong. Remember that you must not be partisans or advocates in this matter. You must be impartial judges of the facts.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 32

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.

Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 33

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.