**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**A. ROCIO BRIMHALL-MANGANO,**

Plaintiff,

**vs.** No. CIV 97-0598 MV/WWD

**DR. OLEN PAUL MATTHEWS, et al.,**

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion for Judgment as a Matter of Law or, Alternatively, for New Trial filed November 9, 2000. The Court, having considered the motion **[Doc. 130]**, response **[Doc. 132],** reply **[Doc. 141]**. relevant law and being otherwise fully informed, finds that the Motion is not well taken, will be **DENIED,** and will allow the **JUDGMENT TO STAND** as explained below.

**BACKGROUND**

Plaintiff Rocio Brimhall-Mangano, a Peruvian born female, now a United States citizen, was employed by the University of New Mexico (UNM) from 1970 to 1997. Most recently, she was the department administrator for the Geography Department. On February 21, 1996, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging discrimination and retaliation against her because of her gender and national origin. She lodged her complaint against UNM, Dr. Olen Paul Matthews, who is the Chair of the Geography Department and Plaintiff's direct supervisor, and others. On June 25, 1996, Plaintiff filed a

second complaint of retaliation. On November 13, 1996, Defendant filed a third charge of retaliation. On November 26, 1997, Plaintiff was terminated by the Dean Michael Fischer, Dean of the College of Arts and Sciences.

After a jury trial, Plaintiff was awarded a judgment against Defendants for retaliation against voicing opposition to discrimination. Defendants bring this motion under Federal Rule of Civil Procedure 50(b) and Rule 59.

> If, for any reason, the court does not grant a motion for a judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion not later than 10 days after entry of judgment--and may alternatively request a new trial or join a motion for a new trial under Rule 59. Fed. R. Civ. Proc. 50(b)

**DISCUSSION**

In order to establish a prima facie violation of retaliation, the Plaintiff must demonstrate that there was:

(1) protected opposition to Title VII discrimination or participation in a Title VII proceeding;

(2) adverse action by the employer subsequent to or contemporaneous with such employee activities; and

(3) a causal connection between such activity and the employer's adverse action.

*See Berry v. Stevinson Chevrolet*, 74 F.3d 980 (10th Cir. 1996).

Once a plaintiff establishes a prima facie case, the burden of production shifts to the Defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *Id.* The

Plaintiff then has the burden to demonstrate that the Defendant's offered reasons are mere pretext for discrimination; that is, unworthy of belief. *Id.*

Defendants assert two arguments in their motion. First, there was insufficient evidence to support Plaintiff's retaliation claim and the Judgment of the jury. Second, even if Plaintiff produced sufficient evidence to meet her retaliation claim, she did not rebut Defendants' legitimate business reason for her termination.

*Insufficient Evidence to Support Plaintiff's Retaliation Claim*

Defendants assert that Plaintiff failed to produce sufficient evidence to submit the case of retaliation to the jury for determination because Plaintiff failed to establish a causal connection between her allegations of protected activity and any adverse employment action. Defendants assert that the time between Plaintiff's last charge of retaliation with the EEOC, filed November 13, 1996, and her termination November, 1997, is not sufficiently close to raise an inference of a causal connection. *See Robbins v. Jefferson County School Dist. R-1* 186 F.3d 1253, 1258-1259 (10th Cir. 1999).

The Tenth Circuit has liberally defined the phrase "adverse employment action." *See Jeffries v. Kansas,* 147 F.3d 1220, 1232 (10th Cir. 1998). After filing her EEOC complaints of which Dr. Matthews, her supervisor, received notification, Dr. Matthews and others in the Geography Department retaliated against Plaintiff by disallowing her from assigning work-study student-employees tasks; intensely scrutinizing her work hours, tasks and whereabouts; and threatening Plaintiff with discipline and loss of employment opportunities and employment. The heightened supervision and criticism intensified with time. Despite the later date of termination, the heightened supervision and criticism occurred soon enough after the filing of her complaints to

sustain the causal connection. *See Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997) citing *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 329 (10th Cir.1996) ("[Tenth Circuit] determined that Plaintiff made a sufficient prima facie showing of causation to avoid summary judgment when he showed that shortly after filing an FLSA complaint a pattern of retaliatory conduct began that was apparently related to his FLSA conduct even though he was not finally terminated until much later.")

Defendants assert that because none of the Plaintiff's complaints of retaliatory conduct altered her compensation, terms, conditions or privileges of employment, she did not suffer an adverse employment action. "Retaliatory conduct other than discharge or refusal to rehire is ... proscribed by Title VII only if it alters the employee's compensation, terms, conditions, or privileges of employment, or adversely affect[s] his [or her] status as an employee. " *Heno v. Spring/United Management Co.*, 208 F.3d 847, 857 (10th Cir. 2000) (citations omitted). The retaliatory conduct disclosed by the Plaintiff diminished Plaintiff's job duties and responsibilities thereby altering her status as a professional, her status as an employee, and her status within the University. The terms, conditions, and privileges of Plaintiff's employment were altered and her status as an employee was adversely affected, therefore Plaintiff was subject to adverse employment action, which the Court has already determined was causally connected to her protected activity.

Finally, Defendants assert that while Plaintiff demonstrated that her termination occurred after filing her EEOC charges, this is insufficient evidence to show that Dean Fischer's decision to terminate her in November 1997 was related to any protected activity on her part. Defendants assert, without citation, that Plaintiff bears the burden of proof to show that the decision-maker

made his decision in part based on her protected activity. The Court disagrees with this assertion. *See Aguirre v. Chula Vista Sanitary Serv.*, 542 F.2d 779, 781 (9th Cir. 1976) ("A showing by Plaintiff that [s]he was discharged following protected activities of which the employer was aware establishes a prima facie case of [retaliation]."). Plaintiff established that prior to Dean Fischer's decision to terminate Plaintiff, the dean was aware of the EEOC charges Plaintiff had filed against UNM. This is sufficient evidence for the Plaintiff to establish her prima facie case. *See Aguirre*, 542 F.2d at 781.

*Pretext*

Defendants assert that Plaintiff offered no evidence that Dean Fischer's decision to terminate Plaintiff Brimhall-Mangano was a pretext for retaliating against her on the basis of her alleged protected activity. In response to Plaintiff's prima facie case of retaliation, Defendants offered a legitimate business reason for terminating Plaintiff Brimhall-Mangano, namely that she had lied about an assault by her supervisor, Dr. Matthews.

In order to show pretext, the Plaintiff must "present enough evidence to support an inference 'that the employer's reason was merely pretext, by showing either that a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." *Cone v. Longmont United Hospital Assoc.*, 14 F.3d 526, 530 (10th Cir. 1994) citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Plaintiff established that the process by which Dean Fischer terminated Plaintiff Brimhall-Mangano was an exception to UNM's usual policy of "progressive discipline" and that Plaintiff Brimhall-Mangano was the only person Dean Fischer had ever terminated. This is sufficient evidence from which the

jury could determine that Defendants' proffered explanation is unworthy of credence and therefore was pretextual.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Judgment as a Matter of Law or, Alternatively, for New Trial filed November 9, 2000 **[Doc. 130]** is **DENIED.**

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff
Martin Lopez, III

Attorneys for Defendants
Barbara Patterson